UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLORIA JONES, | ) |
|       Plaintiff, | ) |
|     v. | )     2:15-cv-00014-PPS-PRC |
| HORSESHOE CASINO, SUSPA INC., and | ) |
| GASSER CHAIR CO., | ) |
|       Defendants. | ) |

## **OPINION AND ORDER**

Gloria Jones was sitting in a chair at the Horseshoe Casino when a gas cylinder component of the chair allegedly failed, sending Jones on a rapid descent and injuring her back in the process. She has sued the Casino and the chair and cylinder manufacturers. Defendant Gasser Chair Co. moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count VI of Jones's Amended Complaint, which alleges that Gasser is liable for providing a defectively designed chair. Gasser's arguments are unpersuasive, so its motion will be denied.

Jones alleges her injuries were caused by a defective chair manufactured and sold by Gasser. On December 19, 2014, the Northern District of Illinois transferred her suit to this Court citing lack of personal jurisdiction. [DE 11.] In its Order the court also analyzed whether under Indiana law Jones's complaint stated a claim, as the court must do before it grants a petition to proceed *in forma pauperis*. Based on that review the court dismissed Count I against Gasser, which alleged design defect, because "[t]he complaint does not allege that a reasonable alternative design existed or that Gasser Chair Company was negligent in designing the chair." [*Id.* at 2.]

Jones filed an amended complaint in this Court. [DE 35.] This time, Count I alleges negligent product design against Gasser and makes these additional allegations: "There are other chair designs that will hold the weight of users without suddenly dropping the person sitting in the chair," and "Gasser Chair Company failed to exercise reasonable care under the circumstance in designing the chairs . . . ." Gasser then moved to dismiss Count VI of the amended complaint under Rule 12(b)(6). Gasser's main argument is that the amended complaint's Count VI is the same as the original complaint's dismissed Count I.

A cause of action will be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, but I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678.

Let's start with a brief overview of what goes into a defective design claim. Under Indiana law, "A product is in a defective condition . . . if, at the time it is conveyed by the seller to another party, it is in a condition:(1) not contemplated by reasonable persons among those considered expected users or consumers of the

product; and(2) that will be unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption." Ind. Code § 34-20-4-1. So a product has a defective design if it's unreasonably dangerous when used by an expected user in an expected way.

The main thrust of Gasser's argument is that the new Count VI should be dismissed for the same reasons the old Count I was dismissed. But this argument is plainly meritless because early in the amended complaint (and incorporated by reference in Count VI [DE 35 at 14]) Jones alleges that a better design was feasible and Gasser failed to exercise reasonable care. It was the omission of these allegations in the original complaint that led the Illinois court to dismiss the count without prejudice.

Getting into the substance, Gasser argues that "The Plaintiff's pleading of Count VI, applying the doctrine of strict liability against Gasser Chair Co., INC., is not proper, as the alleged issue raised by the Plaintiff is that of a design defect." [DE 38 at 3.] This is a strange argument, given the title of Ind. Code § 34-20-2-2: "Strict liability - Design defect." That section explains that a seller of a defective product may be liable even if the seller manufactured the product with reasonable care, and even if the user is not in privity with the seller. The plaintiff does have to "establish that the manufacturer or seller failed to exercise reasonable care under the circumstances in designing the product . . . ." Ind. Code § 34-20-2-2. This statute is confusing in that it applies a negligence standard to a claim it calls "strict liability." But the point is that Jones's use of the phrase "strict liability" is in line with the statute. As noted above, the negligence

3

allegations required for a defective design case under Indiana law are included in the amended complaint, whatever the cause of action is titled.

Later, Gasser misleadingly quotes from the Indiana Code section limiting product liability actions against sellers. Here's how Gasser quoted the statute in its brief: "A product liability action based on the doctrine of strict liability in tort may not be commenced or maintained against a seller of a product that is alleged to contain or possess a defective condition. Ind. Code § 34-20-2-3." [DE 38 at 4.] Suppose a film critic wrote the following about a movie he recently saw: "I wish I could say that this movie is terrific, but I can't; the movie is an embarrassment to film making. It is an utter dud." Then suppose the producer of the movie advertised it with the following quote from our critic: "this movie is terrific." Everyone would agree that this would be rather misleading. Well, that's kind of what Gasser has done here in quoting the statute. It is sloppy at best, outright deceptive at worst. The statute in full says this: "A product liability action based on the doctrine of strict liability in tort may not be commenced or maintained against a seller of a product that is alleged to contain or possess a defective condition **unreasonably dangerous to the user or consumer <u>unless the seller is a manufacturer of the product or of the part of the product alleged to be defective</u>**." Ind. Code § 34-20-2-3. Gasser omitted the section in bold, and I have added underlining to the relevant phrase. Because Jones alleges that Gasser both sells and manufactures the offending chair [DE 35 at 6, ¶¶ 14, 18], Jones's strict liability claim against Gasser is not invalidated by Ind. Code § 34-20-2-3.

4

Having weighed and measured all of Gasser's arguments, and having found them wanting, I will move on to a related issue Gasser didn't clearly raise, although Gasser may have been stabbing at it in arguing that a design defect claim described as imposing strict liability is untenable. While simply calling the Count VI a "strict liability"claim isn't fatal, such a claim necessarily incorporates a negligence requirement, which would seem to make Count VI redundant to Count I, which is called "Negligent design product liability against Gasser Chair Company pursuant to Ind. Code 34-20-1-1." *See Weigle v. SPX Corp.*, 729 F.3d 724, 734 (7th Cir. 2013) ("defective-design claims sound in negligence"); *Bourne v. Marty Gilman, Inc.*, 452 F.3d 632, 637 (7th Cir. 2006) ("the statute more clearly explains that a plaintiff alleging a design defect cannot prevail without showing that the manufacturer was negligent"); *see also*, *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 467 (7th Cir. 1984) ("As is widely recognized in Wisconsin and elsewhere, 'strict liability' is something of a misnomer in products cases. There is liability only if a product is defective or unreasonably dangerous, and the concepts of 'defect' and 'unreasonableness' bring into play factors of cost and risk similar to those that determine negligence, an objective standard that is independent of what the particular defendant knew or could have done. 'In defining unreasonably dangerous, a balancing test is mandated: if the likelihood and gravity of harm outweigh the benefits and utility of the product, the product is unreasonably dangerous.' A similar balancing test is used in negligence cases. As one court said recently, 'in a defective design case, there is no practical difference between strict

liability and negligence. The test for an "unreasonably dangerous" condition is equivalent to a negligence standard of reasonableness.' The leading treatise on tort law is in agreement: 'The proof required of a plaintiff seeking to recover for injuries from an unsafe product is very largely the same, whether his cause of action rests upon negligence, warranty, or strict liability in tort.' ¶ Of course there are some differences between negligence and strict liability in products cases. For example, when the defect is in a component and the manufacturer of the final product could not reasonably have been expected to discover the defect by inspecting or testing the component, the manufacturer would not be liable under a negligence regime for the defect, but under strict liability he would be. (citations, ellipsis omitted.))

The amended complaint rambles and repeats, so it's hard to be certain whether Counts I and VI are duplicates. At this point I am reluctant to dismiss a claim based on an argument that has only been raised in an elliptical way by Gasser (Jones didn't respond, and hasn't addressed any arguments). So for now, Count VI may proceed, but the parties, particularly Jones, should be prepared to address this issue in the future; ultimately I will not send this case to trial with the same cause of action repeated.

For the foregoing reasons, Gasser's motion to dismiss Count VI of Jones's amended complaint is **DENIED**. [DE 38.]

    **SO ORDERED.**
    ENTERED: May 27, 2015

    /s/Philip P. Simon
    PHILIP P. SIMON, CHIEF JUDGE
    UNITED STATES DISTRICT COURT