**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GLORIA JONES, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO. 2:15-CV-14-PPS-PRC |
| ) | |
| HORSESHOE CASINO, et al., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for a Modification of Automatic Stay for a Limited Purposes [*sic*] [DE 63], filed by Plaintiff Gloria Jones, on July 28, 2015. None of the Defendants filed a response. On January 23, 2015, Defendant Horseshoe Casino advised the Court that it had filed for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois. On January 26, 2015, this Court stayed this action as to Horseshoe Casino only. In the instant motion, Plaintiff asks the Court to modify the stay to allow the retrieval of evidence central to this case. Specifically, Plaintiff requests that the Court allow discovery of a video tape and chair that are relevant to Plaintiff's claims against the other Defendants in this case.

While Horseshoe Casino's bankruptcy petition operates as an automatic stay of the instant case as to Horseshoe Casino, 11 U.S.C. § 362, the stay does not protect against discovery directed at Horseshoe Casino to be used against the other Defendants, even if the discovered items could later be used against Horseshoe Casino. *See In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 977 (Bankr. E.D. Ill. 1992); *see also In re Miller*, 262 B.R. 599, 503-04 (B.A.P. 9th Cir. 2001).

Because a modification of the stay is not necessary for Plaintiff to obtain the discovery she

seeks, the Court hereby **DENIES** Plaintiff's Motion for a Modification of Automatic Stay for a Limited Purposes [*sic*] [DE 63] and **ADVISES** that Plaintiff may serve subpoenas upon Horseshoe Casino for the video tape and chair as if Horseshoe Casino were a third party to the instant lawsuit.

So ORDERED this 8th day of September, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT