# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GLORIA JONES,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.: 2:15-CV-14-PPS-PRC |
| GASSER CHAIR COMPANY, SUSPA,<br>INC., and HORSESHOE CASINO,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a FRCP Rule 37 Motion to Compel Discovery [DE 76], filed by Defendant Gasser Chair Company ("Gasser") on October 9, 2015. Plaintiff Gloria Jones filed a response on October 21, 2015. Gasser filed a reply on October 27, 2015. This personal injury lawsuit was brought by Jones, who alleges she was injured as a result of an incident involving a chair designed, manufactured, and sold by Gasser.

The instant motion involves a discovery dispute. Jones mailed her answers to Gasser's interrogatories on April 31, 2015, and her response to Gasser's requests for production on or about May 20, 2015. Jones's interrogatory answers were signed by her attorney but not by Jones. Gasser believes it is entitled to more discovery than Jones turned over. After unsuccessful efforts to resolve the matter without the Court's involvement, Gasser filed the instant motion to compel.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order

compelling discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). The burden is on the objecting party to show why a particular discovery request is improper.

In its motion, Gasser asks the Court to order Jones to rectify alleged deficiencies in her responses to Gasser's discovery requests. Jones's response to the motion to compel only specifically addresses one alleged deficiency—the one pertaining to HIPAA waivers—and makes only a general response regarding the other alleged deficiencies. This general response notes that Jones is supplementing discovery as new information is received, that interrogatory answers must be made under oath, that Jones has answered the interrogatories to the best of her ability, and that Gasser can ask Jones unresolved questions at her deposition. However, that the questions could be asked in a deposition is immaterial. *See In re Folding Carton Antitrust Litigation*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) ("Interrogatories are not improper simply because the same information can be obtained by use of a different discovery procedure."). The Court will first address the interrogatories and then proceed to the requests for production.

## A. Interrogatories

Though Gasser did not raise the issue, Federal Rule of Civil Procedure 33(b)(5) requires interrogatory answers to be signed by the person making the answers and objections to be signed by the attorney. However, Jones did not sign her interrogatory answers; her attorney's signature is the only signature on the document. Accordingly, Gasser's request for a court order compelling responses to its interrogatories is **GRANTED in part**. Specifically, it is granted to the extent that Jones must serve properly-signed answers on Gasser.

Jones should take the opportunity occasioned by the need to serve new answers on Gasser to review the answers previously sent. To aid her in this review, the Court addresses each of the deficiencies Gasser alleges regarding the interrogatory answers previously given in the unsigned document. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Gasser's motion as to the interrogatory answers. The Court **ORDERS** that Jones's properly-signed answers must either conform to the Court's orders below or make a proper objection to the interrogatories pursuant to Federal Rule of Civil Procedure 33(b)(4).

1. *Incomplete Answers*

Jones provided incomplete answers to several of Gasser's interrogatories. Requested information was left out of Interrogatory Nos. 3 (trial witnesses), 4 (paramedic identification and records), 7 (medical treatment providers), 8 (lost work and wages), 15 (Brady Schuler), and 24 (health insurance information). Jones's answers to Nos. 3, 7, and 24 indicate that the answers will be supplemented, but there is no acknowledgment from Jones that the provided answers are incomplete. Therefore, it is not clear whether Jones's promise to supplement indicates that she will provide more complete information on the trial witnesses, medical treatment providers, and insurance policy disclosed in her answers or only that she will identify additional trial witnesses, medical treatment providers, and insurance policies if they come to light. If Jones has an objection to answering an interrogatory completely, the objection must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4). The Court **ORDERS** Jones to provide answers that completely address every interrogatory, either answering or specifically objecting to each part.

*2. Medical History Information*

Interrogatory No. 10 asks for information regarding hospital confinement, physician treatment, or x-rays. Jones responds that "there is no information on any hospital confinement or treatment for any reason." Gasser is correct in pointing out that the answer is ambiguous. The answer could be read as referring only to hospital treatment. The Court **ORDERS** Jones to modify the answer to be unambiguous and to respond to all parts of the interrogatory.

*3. Continuing Investigation and Discovery Information*

Gasser, without citing to any case law, contends that it is entitled to know the details of Jones's ongoing discovery and investigation, which are mentioned in Jones's answers to Interrogatory Nos. 5, 10, 11, 12, 14, and 16. In support, Gasser indicates that the answers were provided in April 2015 and have not been supplemented. However, the interrogatories do not ask for information regarding Jones's investigation or discovery, and Gasser has not shown itself to be entitled to this information. However, if Gasser has specific reasons to believe an answer should be supplemented, then Gasser may present those arguments to the Court, as it did regarding Interrogatory No. 13.

*4. Continuing Complaints from Injuries*

In Interrogatory No. 13, Gasser asks for information regarding "continuing complaints, disabilities, or any other problems of any kind resulting from the occurrence." Jones responds that she has no information on any other injuries. However, the interrogatory does not ask about "other injuries." The interrogatory asks for all complaints, disabilities, and problems resulting from the incident that led to this litigation. Further, on October 1, 2015, Jones sought leave of the Court, which was later granted, to amend her complaint to include a future surgery, the need for which she

had just become aware. Federal Rule of Civil Procedure 26(e) requires the timely supplementation of discovery when a party learns that a disclosure or response is materially incomplete or materially incorrect. Jones's answer, as provided, is not sufficient because it does not list any continuing problems, and the need for surgery squarely falls in this category. The Court **ORDERS** Jones to provide a complete answer to this interrogatory.

5. *Other People with Knowledge*

In Interrogatory No. 17, Gasser asks Jones to "[l]ist the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of the occurrence or of the injuries and damages following therefrom." Jones answered that "[a]t this time the Plaintiff has no other information then [*sic*] that listed in these interrogatories," and further stated that the answer would be updated if more information became known to Jones. While a more succinct answer may be possible, Jones's answer is responsive to the interrogatory. Gasser asks for persons not previously listed in the interrogatories with pertinent knowledge, and Jones answered that she has listed everything she knows in these interrogatories, indicating that Jones is unaware of any additional persons. This answer is sufficient.

6. *Items Carried*

Interrogatory No. 19 asks Jones to "[s]tate what objects, if any, the Plaintiff was carrying at the time of the occurrence." Jones answered that "[c]urrently it is believed that the Plaintiff was not carrying any object" and that the answer would be updated if more information became available. Despite Gasser's wish for a more straight forward answer, the answer given responds to the question and is sufficient.

*7. Expert Witnesses*

In Interrogatory Nos. 26 and 27, Gasser seeks information as to Jones's non-retained and retained expert witnesses, respectively. Jones's answers identify three expert witnesses. Gasser argues that it is entitled to more information than Jones has turned over. However, Gasser makes no argument that Jones should be required to make her expert witness disclosures prior to the December 31, 2015 deadline for her to do so, set by the Court at the Rule 16(b) conference. While Jones must make her disclosures by that deadline, the Court finds no reason to require her to make those disclosures ahead of schedule.

**B. Requests for Production**

*1. Tax Returns*

Pursuant to Request for Production Nos. 5 and 15, Gasser seeks Jones's tax returns for five years before the accident and two years of W-2 and employment records from before and after the accident. Jones responded that she was still compiling the requested documents. Jones's attorney indicated that the tax returns would be produced with the Rule 26 Initial Disclosures, but the documents were not attached. Jones has not made a substantive objection to the production of these documents, and these documents are within her legal control. *See* Fed. R. Civ. P. 34(a)(1) (dictating that documents within a party's possession, custody, or control are subject to a Request for Production); *Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, No. 1:01-cv-799, 2015 WL 4392933, at *7-8 (S.D. Ind. July 15, 2015) (collecting cases holding that tax returns are within a person's control for Rule 34 purposes). For over six months, Jones has purported to be in the process of compiling these documents and has made no substantive objection to their production. Gasser's motion to compel these documents is **GRANTED**.

*2. HIPAA Releases*

Gasser asks the Court to compel Jones to provide signed HIPAA releases for all medical providers before and after her accident. Jones specifically responded to this alleged deficiency, stating that she provided Gasser with forms authorizing Gasser to access the past twenty years of her medical records. Jones provided Gasser with HIPAA release forms for the University of Chicago, Northwestern Memorial Hospital, and "Any and All other health providers." Gasser, in reply, asserts that medical providers will not accept Jones's "Any and All" HIPAA release form.

Jones has not objected to the substance of this request and has tried to comply with the request through a general release. This general release, however, has proven insufficient. Because Jones put her health in issue and did not substantively object to Gasser's motion to compel this information, Gasser's request to compel signed HIPAA releases individually naming each medical provider is **GRANTED**.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the FRCP Rule 37 Motion to Compel Discovery [DE 76]. Plaintiff Gloria Jones is **ORDERED** (1) to serve her signed answers to Defendant Gasser Chair Company's Interrogatories in compliance with the Court's analysis herein, (2) to produce her tax returns for five years before the accident and two years of W-2 and employment records from before and after the accident, and (3) to provide Defendant Gasser Chair Company with signed HIPAA releases individually naming each medical provider. The deadline for Jones to comply with this order is **December 11, 2015**.

The Motion does not ask for reasonable expenses, but Federal Rule of Civil Procedure 37(a)(5)(A) provides that reasonable expenses must be awarded to the prevailing party unless the

nondisclosure was substantially justified or other circumstances make an award unjust. However, the Court may only award reasonable expenses after the losing side has had an opportunity to be heard on the issue. *Id.* Therefore, the Court sets this matter for further briefing. Gasser may file an itemization of its reasonable expenses by **November 25, 2015**. If Jones wishes to file an objection to the award of reasonable expenses incurred by Gasser in the litigation of this motion or to the itemization of the reasonable expenses, Jones must file that objection on or before **December 4, 2015**. Any response by Gasser must be filed on or before **December 11, 2015**.

SO ORDERED this 20th day of November, 2015.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE