# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GLORIA JONES, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>GASSER CHAIR COMPANY, SUSPA, )<br>INC., and HORSESHOE CASINO, )<br>    Defendants. ) | CAUSE NO.: 2:15-CV-14-PPS-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant, Gasser Chair Co., Inc.'s, Itemization of Reasonable Expenses [DE 86], filed by Defendant Gasser Chair Co., Inc. ("Gasser") on November 24, 2015. Plaintiff Gloria Jones filed an objection on December 7, 2015, and Gasser filed a response on December 11, 2015.

This matter originates in a FRCP Rule 37 Motion to Compel Discovery, filed by Gasser on October 9, 2015. On November 20, 2015, the Court issued an Opinion and Order granting in part and denying in part the motion. In that order, the Court ordered additional briefing on the issue of awarding reasonable expenses. In the instant Itemization, Gasser requests attorney fees in the amount of $962.00 for reasonable expenses related to the Motion.

Although the motion was granted in part and denied in part, the Court ordered Jones to respond to all of the discovery that Gasser had identified in its motion. As a result, the Court is using the standard set forth in Federal Rule of Civil Procedure 37(a)(5)(A), to be used "If the Motion is Granted," to govern the award of fees, and not the standard in 37(a)(5)(C), to be used "If the Motion is Granted in Part and Denied in Part."

Rule 37 provides, in part, that "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order the payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Jones objects to an award of reasonable expenses, arguing that the matter falls within the exceptions of Rule 37(a)(5)(A), but Jones does not object to the amount of Gasser's claimed reasonable expenses.

Jones first objects to an award of reasonable expenses on the ground that her position was substantially justified. Regarding the HIPAA waivers that the Court ordered Jones to provide to Gasser, Jones believes she was substantially justified in her argument that the request for 10 years of medical history is overly broad and unduly burdensome. However, this is not the argument Jones made in her response to the motion to compel.[1] In that response, she raised no substantive objection to the requested waiver and indicated that she had given the HIPAA waivers to Gasser. Jones makes no argument that this position was substantially justified.

Jones next argues that her position was substantially justified because she had answered the interrogatories to the best of her ability at the time and had indicated in the answers that she would supplement with more information as it was discovered. However, the Court found that Jones had

---

[1] Jones represents that she made this objection at a pretrial conference. However, that was not the appropriate way to bring the objection to the Court's attention for the purpose of ruling on the motion to compel.

not made a proper answer to any of the interrogatories because all of the answers provided were not signed by Jones as Federal Rule of Civil Procedure 33(b)(5) requires. The Court determined that some of her answers, if they had been properly-signed, would have been sufficient, but, without Jones's signature, all of the answers were inadequate. Jones has provided no argument that her failure to serve properly-signed interrogatories on Gasser was substantially justified, and the Court finds that it was not.

Finally, Jones notes that she turned over four years of tax returns in a supplemental Rule 26 disclosure. This itself is disputed by Gasser in its response to Jones's objection, but even if taken as true, this fact does not provide an argument that Jones's position in not turning over 7 years of documents was substantially justified. In her response to the requests for production of tax documents, Jones indicated that she was compiling the information sought or requesting the information from the IRS. The Court, in granting Gasser's motion, noted that Jones made no substantive objection to turning over the information and had previously indicated that the information would be included in the Rule 26 Initial Disclosures. Jones has waited until the objection to the award of fees to assert that 4 years of documents have been provided and makes no substantive objection, even at this late hour, to the production of the documents for the other 3 years. Partial compliance without explanation for the remaining noncompliance is not equivalent to substantial justification.

Jones also objects to an award of reasonable expenses on the ground that there are circumstances that would make an award unjust. First, Jones argues that it would be unjust to require her, who has been granted leave to proceed in forma pauperis, to pay for Gasser's attorney fees. However, "[i]ndigency does not make an award unjust." *Banty v. Dings Co. Magnetic Group*, No.

3

09-C-0963, 2010 WL 4337905, at *3 (E.D. Wis., Oct. 22, 2010) (citing *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 520 (D. Md. 1984)). Further, though Jones is proceeding in forma pauperis, she is not proceeding pro se. Her counsel, as a member of the bar, is imputed to have knowledge of the federal rules and discovery procedures governing civil litigation. Jones's status as a litigant in forma pauperis does not make an award of reasonable expenses unjust.

Jones also argues that it would be unjust for her to pay Gasser's reasonable expenses on the ground that Gasser's attorney—a salaried employee—would be paid twice for the work. However, Gasser, in its response, explains that any reasonable expenses awarded go to the party that initially paid the expenses and not to the attorney. Because the attorney would not be paid twice, this argument fails.

Accordingly, the Court approves and **GRANTS** Defendant, Gasser Chair Co., Inc.'s, Itemization of Reasonable Expenses [DE 86] and **ORDERS** Plaintiff Gloria Jones to reimburse Defendant Gasser Chair Company's attorney fees in the sum of $962.00 within a reasonable time.

SO ORDERED this 17th day of December, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT