UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| GLORIA JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 2:15-CV-14-PPS |
| v. | ) | |
| | ) | |
| HORSESHOE CASINO, SUSPA INC., | ) | |
| and GASSER CHAIR COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Suspa Inc. and Gasser Chair Company individually filed Stipulations of Dismissal with Prejudice signed by Jones' counsel pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [DE 148, 149.] All claims against Suspa Inc. and Gasser Chair Company are, therefore, **DISMISSED WITH PREJUDICE** and all pending motions are **DENIED WITHOUT PREJUDICE AS MOOT.**

On January 26, 2015, the action was stayed as to Defendant Horseshoe Casino due to pending bankruptcy proceedings. [DE 23.] I find that, at this point, the case against Defendant Horseshoe Casino should be administratively closed until such time as the bankruptcy proceedings have been concluded or Court action is otherwise required. Any motion seeking reopening of the case shall state:

(a) the facts and procedural history, including any significant occurrences in the bankruptcy proceedings;

(b) the issues remaining for determination by this Court;

(c) the potential for settlement, and the status of any settlement discussions;

(d) whether a Rule 16 scheduling conference is requested;

(e) the status of discovery;

(f) whether significant pretrial motion practice, including the filing of potentially dispositive motions, is anticipated;

(g) the date by which it is reasonably likely that the case would be ready to proceed to trial; and

(h) the estimated length of trial.

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall administratively **CLOSE** this action, subject to reopening on a motion filed in compliance with this Order.

**SO ORDERED**.

ENTERED: January 31, 2017

    s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**